[No. 2465. Feb. 16, 1921.]

## FIRST NAT. BANK OF ROSWELL v. BONNER et ux.

### SYLLABUS BY THE COURT.

The verdict of a jury or the findings of a trial court, when supported by substantial evidence, will not be disturbed upon appeal.

Appeal from District Court, Chavez County; Brice, Judge.

Replevin by the First National Bank of Roswell against B. B. Bonner and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

Tomlinson Fort, of Roswell, for appellant.

J. C. Gilbert, of Roswell, for appellees.

### OPINION OF THE COURT.

RAYNOLDS, J. This is an action in replevin brought in the statutory form to recover certain live stock, including 14 head of sheep, against B. B. Bonner, and his wife, Mrs. B. B. Bonner, by the First National Bank of Roswell. The complaint alleged that the plaintiff was entitled to the immediate possession of tne live stock, which were covered by a mortgage given by B. B. Bonner to it, and which he had authorized plaintiff to take over and take possession of, and which were wrongfully detained by the defendant Mrs. B. B. Bonner. The mortgage in question covered the live stock as described in the complaint, and "all the sheep, horses, cattle, owned by Bonner, whether described as above or otherwise." The defendant B. B. Bonner entered his appearance, but filed no answer. Defendant Mrs.

B. B. (Estelle) Bonner filed her separate answer denying the plaintiff's right to possession of the 14 head of sheep and the right of Bonner to mortgage them, and by way of cross-complaint alleged that she became the owner by gift of the 14 head of sheep when they were lambs, and that since that time she had been the owner and in possession of them until they were replevined by the plaintiff. She further alleged that she had been damaged by reason of the replevin suit in certain amounts, including attorney's fees, and prayed judgment in her behalf for the sheep and for attorney's fees. Upon motion of the plaintiff the count for attorney's fees was stricken. Plaintiff replied, denying the allegations of the answer. The case was tried by the court without a jury, and judgment rendered in favor of the defendant. From this judgment the plaintiff appealed. In the final judgment the court found that the sheep were the separate property of Mrs. Bonner, having been previously given to her. Requested findings of fact and conclusions of law were made by the appellant, which were refused by the court.

The appellant assigns eight errors, but by the statement in his brief says that the case resolves itself into a single question, whether or not there is sufficient evidence to support the finding of the court that the 14 head of sheep contained in the mortgage of the First National Bank were the separate property of Mrs. B. B. Bonner, or whether they were the property of her husband, either in his own right or as head of the community, and whether the evidence supports the further finding that these sheep were not subject to the mortgage of the First National Bank.

We believe that the appellant has properly stated the sole proposition upon which this case turns, that is, whether or not the sheep in question were the separate property of Mrs. B. B. Bonner. If they were her separate property and she did not join in

the mortgage, they were not thereby transferred to the appellant bank. The evidence in the case was conflicting as to the rights of the appellee in the sheep in question, but there is substantial evidence to sustain the findings of the lower court that these sheep were the separate property of the appellee, and that they had been a gift to her. We have carefully read the record in order to ascertain whether appellant's proposition that there is no substantial evidence to support this finding is, or is not, correct, and we are forced to the conclusion that there is ample evidence to support the finding. It has been often decided by this court that the findings of a trial court or the verdict of a jury, when supported by substantial evidence, will not be disturbed upon appeal. This case is governed by that principle, and we see no reason to depart from it.

The judgment below is therefore affirmed; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.